# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICE BELONGA | * | CIVIL ACTION |
| VS. | * | NO. 09-476 |
| AUTO CLUB FAMILY INSURANCE COMPANY, ET AL. | * | SECTION "L"(1) |

## ORDER & REASONS

Before the Court is Defendant Auto Club Family Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 19). For the following reasons, the motion is DENIED.

## I. BACKGROUND

This case arises out of property damage that occurred as a result of Hurricane Katrina. The Plaintiffs allege that Hurricane Katrina caused extensive damage through both wind and wind driven rain to the Plaintiffs' residence located at 4927 Lancelot Drive, in New Orleans, Louisiana. The home was purchased by Plaintiff in 2003 for $97,000. At the time of purchase, the dwelling was appraised at $114,000. In connection with the adjustment of Plaintiff's flood claims, Colonial Claims Corporation submitted a report which indicated that the property had a replacement cost value of $232,000 and an actual cash value of $190,000.

At the time of Hurricane Katrina, Plaintiff was covered by a homeowner insurance policy issued by Auto Club Family Insurance Company ("ACFIC"). The Plaintiff initially filed the instant lawsuit to recover under this policy as part of the mass joinder action entitled *Rafael Acevedo, et al. v. AAA Insurance, et al.*, Case No. 07-5199. Pursuant to this Court's Order, this case was severed from the aforementioned mass joinder case on December 30, 2008 and randomly allotted to this section. On January 28, 2009, the Plaintiff filed her First Amended

Complaint in which she seeks the payment of her full policy limit for dwelling, other structures and contents, as well as attorneys fees and penalties. To date, Plaintiff has received only $25,870.35 for wind damage to her residence and $2,932.63 for wind damage to other structures.[1]

The property was also damaged by flood. Pursuant to a flood insurance policy in place at the time of Hurricane Katrina, Plaintiff has received $94,000 for flood damage to her dwelling and $30,000 for flood damage to her contents. Thus, the Plaintiff has so far received total insurance payments of $119,870.35 for damage caused by flood, wind, and wind driven rain. Additionally, Plaintiff sold the property to Louisiana Road Home for $50,000 and the dwelling was subsequently demolished.

## II.     THE MOTION

The Defendant now moves for summary judgment arguing that (a) Plaintiff has already recovered the full value of her home; (b) Plaintiff has admitted in her own deposition that she is not pursuing damages for other structures; (c) Plaintiff has been fully compensated for her loss of contents, which were primarily a result of flood damage; and (d) Plaintiff cannot recover attorneys fees or penalties because she cannot prove that she is entitled to additional payments on the underlying claims.

## III.    LAW AND ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that

---

[1] The Court notes that these totals represent amount prior to the application of deductibles and depreciation.

there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

In this case, many contested issues of material fact remain. The law is clear that a Plaintiff "is entitled to recover . . . any *previously uncompensated* losses that are covered by his homeowner's policy *and which when combined with his flood proceeds do not exceed the value of his property.*" *Esposito v. Allstate Ins. Co.*, No. 06-1837, 2007 WL 1125761, *1 (E.D.La. Apr. 16, 2007) (emphasis in original). Thus, the value of Plaintiff's home is clearly a material fact and the Plaintiff has produced a report that the actual cash value of her home was $190,000. This valuation clearly exceeds the total amount that Plaintiff has received for her home.

Additionally, the Plaintiff has offered an expert report from M.S. O'Brien which states that, in his opinion, there was wind and/or wind driven rain damage to Ms. Belonga's other structures including her fence and shed. This evidence is certainly sufficient to defeat Defendant's motion for summary judgement even in the face of Ms. Belonga's deposition testimony which likely resulted from her lack of understanding of her policy and not from any intention to abandon a claim for damage to other structures.

Plaintiff has also offered a contents list which lists damaged contents in excess of the

$30,000 contents payment she received from her flood insurer. This contents list includes damage to the contents of two rooms where a fallen tree allegedly created a large hole in the roof allowing wind and wind driven rain to enter the dwelling. Factual issues thus remain regarding the extent and cause of the damage to Plaintiff's contents. In light of all of this, factual issues also remain regarding Plaintiff's claims for attorney's fees and penalties.

**IV.     CONCLUSION**

Accordingly, IT IS ORDERED that the Defendant's Motion for Summary Judgment (Rec. Doc. 19) is hereby DENIED.

New Orleans, Louisiana this 18th day of December, 2009.

_____
UNITED STATES DISTRICT JUDGE